Zimmerman, J.
The decision in this case turns on the proper interpretation of Section 8006-1, General Code, which is in substantially the same language as former Section 12110, General Code, applicable in this case, and which reads:
“When an unmarried woman, who has been delivered of, or is pregnant with, a bastard child, makes a complaint in writing, under oath, before a justice of the peace or in Juvenile Court charging a person with being the father of such child, the judge or justice shall issue his warrant, directed to any sheriff, police officer, or constable commanding him to pursue and arrest such accused person in any county and bring him forthwith before such judge or justice to answer such complaint.” (Italics supplied.)
Since a bastardy proceeding is wholly statutory and is somewhat penal in nature, statutes relating to that subject should not be enlarged by implication beyond the words actually used. When a child is conceived and born during the existence of a lawful marital relationship, there is a strong presumption of legitimacy. The bastardizing of innocent children is a serious matter of public concern and it was certainly not the intention of the General Assembly to put it in the power of a woman married when her child was conceived and born to accuse another than her husband of being the father of such child and thereby place in issue the legitimacy of offspring according to her whim or fancy.
As we interpret Section 8006-1, General Code, in relation to the undisputed facts of the instant case, and bearing in mind that at common law a bastard was a person begotten and born out of lawful wedlock, such section means that as a prerequisite to the filing of a complaint in bastardy, the complainant must have been an unmarried woman at the time of the delivery of the child involved. Certainly such was the holding of *288 this court in Haworth v. Gill, 30 Ohio St., 627, and in State, ex rel. Walker, v. Clark, 144 Ohio St., 305, 58 N. E. (2d), 773, it was not the intention in anything that may have been said to modify such holding.
The judgment of the Court of Appeals is therefore reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.